# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID MASON, | : Case No. 2:24-cv-1304 |
| Petitioner, | : |
| | : District Judge Sarah D. Morrison |
| vs. | : Magistrate Judge Stephanie K. Bowman |
| WARDEN, NORTH CENTRAL CORRECTIONAL INSTITUTION, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). This matter is before the Court on the petition, respondent's return of writ (Doc. 9) and petitioner's traverse (Doc. 11). For the reasons stated below, it is recommended that the petition be denied.

**I. PROCEDURAL HISTORY**

### State Trial Proceedings

On September 4, 2009, the Franklin County, Ohio, grand jury returned a six-count indictment charging petitioner with two counts of rape, one count of sexual battery, and three counts of gross sexual imposition. (Doc. 8, Ex. 1). Petitioner entered a not-guilty plea. (Doc. 8, Ex. 2).

On March 4, 2010, following a jury trial, petitioner was found guilty of one count of rape, one count of sexual battery, and two counts of gross sexual imposition. (Doc. 8, Ex. 3). The State dismissed the remaining counts charged in the indictment. (*See* Doc. 8, Ex. 5 at PageID 74). On March 15, 2010, petitioner was sentenced to serve a total aggregate prison sentence of

fifteen years to life.  (*Id.* at PageID 75).

### Direct Appeal

On April 13, 2010, the State filed a motion for leave to appeal and a notice of appeal to the Ohio Court of Appeals.  (Doc. 8, Ex. 6, 7).  The State raised the following single assignment of error:

> The trial court abused its discretion when it did not require the defendant [to] prove all the elements of clergy privilege prior to excluding evidence.

(Doc. 8, Ex. 10 at PageID 112).

Petitioner, through counsel, also filed an appeal.  (Doc. 8, Ex. 8).  In his appellate brief, petitioner raised the following three assignments of error:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF RAPE, SEXUAL BATTERY AND GROSS SEXUAL IMPOSITION AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. (T. 60-85; R. 84).
>
> II. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO TERMS OF IMPRISONMENT FOR BOTH RAPE AND GROSS SEXUAL IMPOSITION AS IN THE INSTANT CASE GROSS SEXUAL IMPOSITION IS A LESSER INCLUDED OFFENSE OF RAPE. (T. 234; R. 84).
>
> III. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUISITE FACTUAL FINDINGS: THEREBY DEPRIVING APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION. (T. 234; R. 84).

(Doc. 8, Ex. 11 at PageID 128).  On June 30, 2011, the Ohio Court of Appeals overruled

petitioner's assignments of error and denied the State's request for leave to appeal. (Doc. 8, Ex. 14, 15).

Petitioner did not seek further review in the Ohio Supreme Court.

### New Trial Motion

On August 12, 2014, several years later, petitioner filed a motion for leave to file a motion for a new trial. (Doc. 8, Ex. 16).[1] Petitioner based his motion on the following:

> IRREGULARITY IN PROCEEDINGS, ORDER, OR RULING OF THE COURT
> Because the trial court permitted, the admission into evidence testimonial statements contained within Complainant's medical records, it denied the Defendant a fair trial, as those statements were inadmissible pursuant to the Confrontation Clause of the Sixth Amendment. Constitution of the United States, Article, Section 10, Ohio Constitution.
>
> MISCONDUCT OF PROSECUTION, SURPRISE
> The prosecution committed misconduct and violated Defendant's rights to due process and a fair trial when, before trial it had, knowledge of a more precise date with respect to the alleged incident-involving complainant, but failed to disclose that information to Defendant.
>
> IRREGULARITY IN PROCEEDINGS, DEPRIVATION OF A FAIR TRIAL
> Trial counsel's performance was deficient. In addition, trial counsel's conduct fell below an objective standard of reasonableness and the errors were serious enough to create a reasonable possibility that, but for the errors, the result of the trial would have been different.

(Doc. 8, Ex. 16 at PageID 209-14). On May 28, 2015, the trial court denied the motion, finding it untimely and that petitioner failed to demonstrate he was prevented from filing a timely motion. (Doc. 8, Ex. 21).

Petitioner appealed the trial court's decision, raising the following two assignments of

---

[1] Petitioner also filed a complaint for a writ of mandamus on May 11, 2015, which was denied by the Ohio Supreme Court as moot on July 22, 2015. (Doc. 8, Ex. 19, 22).

3

error:

1. IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE FOR A NEW TRIAL, THE TRIAL COURT ABUSED ITS DISCRETION.

2. THE TRIAL COURT'S DECISION DENYING APPELANT'S MOTION IS UNREASONABLE, AND ALSO, CONTRARY TO CRIMINAL RULE 33.

(Doc. 8, Ex. 24 at PageID 248). On October 13, 2015, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 28). Petitioner filed an application for reconsideration and *en banc* consideration, which was denied by the Ohio appeals court on January 21, 2016. (Doc. 8, Ex. 31, 36).

## Motion for Final Appealable Order

On May 6, 2019, more than three years later, petitioner filed a motion for a final appealable order in the trial court. (Doc. 8, Ex. 38). Petitioner argued he was not properly advised of post-release control and, on this basis, that his sentencing entry was not a final appealable order. (*Id.* at PageID 358-61). On July 18, 2019, the trial court denied the motion finding that the original judgment entry was a final appealable order. (Doc. 8, Ex. 41).

Petitioner appealed the decision to the Ohio Court of Appeals. (Doc. 8, Ex. 42). In his merit brief, petitioner raised the following three assignments of error:

1. Trial Court Erred as a Matter of Fact when it denied appellant's motion due to a non-existent May 5, 2010, Entry.

2. Trial Court Erred as a matter of law when it determined that appellant had a final appealable order in direct contravention of the improperly imposed post-release control sanction.

3. Trial Court Abused its Discretion when It Erroneously Determined That Appellant's Judgment Entry Was A Final Appealable Order.

(Doc. 8, Ex. 43). On December 10, 2019, the Ohio Court of Appeals overruled petitioner's

4

assignments of error and affirmed the decision of the trial court. (Doc. 8, Ex. 45).

Petitioner filed an appeal to the Ohio Supreme Court, raising the following single proposition of law:

> A trial court and/or reviewing court must order resentencing on a postrelease control error even if neither party has moved for resentencing pursuant to State v. Boswell.

(Doc. 8, Ex. 46, 47). On March 3, 2020, the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 8, Ex. 49).

### Motions to Correct Void Sentence

Meanwhile, on February 18, 2020, petitioner filed a motion to correct partially void sentence, which was denied by the trial court on February 4, 2021. (Doc. 8, Ex. 50, 52). Petitioner unsuccessfully appealed from the trial court decision to the Ohio Court of Appeals and Ohio Supreme Court. (*See* Doc. 8, Ex. 54, 57, 59, 61). On appeal, petitioner raised the following two assignments of error:

1. TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION TO CORRECT PARTIALLY VOID SENTENCE.

   *Issues presented for review*: Does the trial court err when it denies plaintiff's motion to correct partially void sentence based upon *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio2913, 159 N.E.3d 248 – which is distinguishable from Appellant's case.

2. TRIAL COURT'S DECISION VIOLATED THE CONSTITUTIONAL PROTECTIONS AGAINST EX POST FACTO LAWS AND RULES.

   *Issues presented for review*: Does the trial court's application of *State v. Harper* violate the Constitutional protections against ex post facto laws or rules?

(Doc. 8, Ex. 54 at PageID 491). On January 18, 2022, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 57).

5

Petitioner appealed the decision to the Ohio Supreme Court. In his memorandum in support of jurisdiction, he raised the following to propositions of law:

1. APPELLATE COURT ABUSES ITS DISCRETION WHEN IT PERMITS A TRIAL COURT'S DECISION TO VIOLATE THE CONSTITUTIONAL PROTECTIONS AGAINST EX POST FACTO LAWS AND RULES.

2. THE APPELLATE COURT ABUSED ITS DISCRETION WHEN IT VIOLATED STARE DECISIS.

(Doc. 8, Ex. 59 at PageID 535). The Ohio Supreme Court declined jurisdiction over petitioner's appeal on April 12, 2022. (Doc. 8, Ex. 61).

On May 24, 2022, petitioner filed a motion to correct void judgment in the trial court. (Doc. 8, Ex. 62). On October 21, 2022, the trial court denied the motion. (Doc. 8, Ex. 66). Petitioner filed a motion for leave to file a delayed appeal to the Ohio Court of Appeals, which denied the motion on December 28, 2022. (Doc. 8, Ex. 70). Petitioner appealed to the Ohio Supreme Court, which declined jurisdiction over the appeal on March 14, 2023. (Doc. 8, Ex. 74).

**Federal Habeas Corpus**

On March 6, 2024, petitioner filed the instant federal habeas corpus action.[2] (Doc. 1). Petitioner raises the following two grounds for relief in the petition:

> **GROUND ONE**: Ohio courts violated petitioner's constitutional due process right to be free of ex post facto laws.

---

[2] The petition was filed with the Court on March 21, 2024. (*See* Doc. 2). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on March 6, 2024. (*See* Doc. 2 at PageID 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on March 6, 2024.

6

>Supporting Facts: Supreme Court of Ohio issued a decision that changed its legal definition of void versus voidable and retroactively applied to all void judgments and convictions.
>
>**GROUND TWO**: Petitioner was denied his constitutional due process rights when appellate court violated stare decisis.
>
>Supporting Facts: Trial court violated Ali v. State 104 Ohio St. 3d 328, 2004-Ohio-6592 and thus violated petitioner's due process rights. Trial court also violated its well-settled precedent of State v. Fischer, 128 Ohio St. 3d 92, 2010-Ohio-6238, 942 N.E. 2d 332.

(Doc. 1 at PageID 6, 8).

Respondent has filed a return of writ in opposition to the petition, to which petitioner has replied. (Doc. 9, 11). According to respondent, petitioner's grounds for relief are time-barred, procedurally defaulted, non-cognizable, and/or without merit.

## II. ANALYSIS.

Petitioner raises two grounds for relief in the petition. Both stem from his contention that the trial court failed to properly advise him of post release control. Specifically, petitioner argues that although the March 10, 2010 Judgment Entry stated that he was advised of post-release control, the trial court did not actually advise him of post-release control or the consequences of violating its conditions during the sentencing hearing, as required by Ohio law. Petitioner raised this claim in his May 6, 2019 motion for a final appealable order (*See* Doc. 8, Ex. 43 at PageID 390) and February 18, 2020 motion to correct partially void sentence (*see* Doc. 8, Ex. 50 at PageID 459-60). Following the denial of his motion to correct his sentence, petitioner appealed the trial court's judgment to the Ohio Court of Appeals and Ohio Supreme Court.

As he does in Ground One of the instant petition, petitioner argued on appeal that the trial

7

court violated his right against *ex post facto* laws in denying him a limited resentencing hearing. The Ohio Court of Appeals summarized the background to petitioner's claim and overruled the assignment of error, as follows:

> {¶ 3} On February 18, 2020, D.M. filed a "Motion to Correct Partially Void Sentence" in the common pleas court, arguing that he was entitled to resentencing pursuant to *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671. He observed that even though his rape sentence had a life tail (and thus he would be placed on parole prior to any release), postrelease control was still statutorily required to be imposed as part of his original sentence and had not been so imposed by the sentencing court. On its initial review of his motion, the state admitted that the sentencing court had erred and stated it would acquiesce to a new sentencing hearing to correct this error.
>
> {¶ 4} But on May 14, 2020, the Supreme Court of Ohio issued its decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, overruled its prior caselaw regarding voidness of sentences for lack of post release control, and held that "sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id*. at ¶ 42. Following the release of *Harper*, the state filed a supplemental response arguing that it controlled D.M.'s case, and that therefore his motion to correct partially void sentence should be denied. The trial court subsequently denied his motion based on *Harper*. D.M. now asserts two assignments of error with the trial court's judgment, both of which challenge the trial court's reliance on Harper to deny his motion.
>
> {¶ 5} In his first assignment of error, D.M. argues that *Harper* is distinguishable from his case, in that "*Harper* involved a situation where the trial court improperly imposed something it was allowed to—postrelease control—whereas, here, the court completely failed to impose something it was statutorily required to impose." (Emphasis sic.) (Appellant's Brief at 6-7.) He argues that the complete failure to impose postrelease control is not governed either by *Harper* or by the Supreme Court's subsequent decision in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784. *Henderson* specifically held:
>
>> A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a postconviction motion.

*Id.* at ¶43.

{¶ 6} In *Henderson*, the Supreme Court clarified the reach of its decision in *Harper* and reversed a trial court's post-sentencing addition of a life tail to a sentence, where a life tail was statutorily required but had not been originally imposed. In so holding, the court concluded that "sentences based on an error, *including sentences in which a trial court fails to impose a statutorily mandated term*, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." (Emphasis added.) *Id.* at ¶ 1. D.M.'s argument under his first assignment of error is that *Harper* is distinguishable from his case because it involved an error in the imposition of a term of postrelease control rather than the complete failure to impose postrelease control. But the rule of *Henderson* resolves any confusion on this point—pursuant to *Henderson*, even a trial court's "fail[ure] to impose a statutorily mandated term" is merely voidable and must be challenged on direct appeal so long as the trial court had jurisdiction to issue the underlying judgment. When taken together, *Harper* and *Henderson* dispose of D.M.'s argument. *Id. See also State v. Jennings*, 10th Dist. No. 18AP-139, 2020-Ohio-5154 ¶ 8 (Citing *Harper* and *Henderson* and holding that "[b]ecause the trial court had subject-matter jurisdiction in the case and personal jurisdiction over Jennings, any sentencing error committed by the trial court relating to the imposition of a post-release control sanction would have made the judgment voidable, not void.").

{¶ 7} In his second assignment of error, D.M. argues that under *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6, a "new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." He argues that for this reason, the court improperly applied *Harper* and *Henderson* to deny his motion (as his conviction was already final), and contends that the trial court's ruling violated the retroactive laws provision of the state constitution the principles animating the Ex Post Facto Clause of the United States Constitution. *See* Ohio Constitution, Article II, Section 28, and *Bouie v. Columbia*, 378 U.S. 347, 354 (1964) (addressing prohibition of ex post facto application of judicial decisions under Fourteenth Amendment Due Process Clause).

{¶ 8} But D.M. has misunderstood how intervening judicial decisions usually function. "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers*, 164 Ohio St.209, 210 (1955). We note that the sentence the state sought to have declared void in *Henderson* became final before D.M.'s own sentence did- if D.M.'s retroactivity argument were correct, *Henderson* would have been decided differently. Moreover, D.M.'s argument that his sentence is void rests on *Carnail*,

9

> which was not decided until three months after he was sentenced. *Compare Carnail*, 2010-Ohio-2671 (decided June 16, 2010) with *State v. D.M.*, Franklin C.P. No. 09CR-5355, (March 15, 2010) (Jgmt. Entry of Sentencing.). Accordingly, for D.M.'s argument to prevail this court must conclude that *Carnail* applies retrospectively but that *Harper* and *Henderson* do not. Even if we were to ignore the plain fact that *Harper* and *Henderson* have overruled *Carnail* in all but name, we cannot adopt such a tortured understanding of jurisprudence and precedent.
>
> {¶9} D.M.'s reliance on *Ali*, 2004-Ohio-6592, is equally unpersuasive. In *Ali*, the criminal defendant attempted to use an intervening Supreme Court decision issued after his conviction became final to reopen and vacate his sentencing. *Ali* at ¶ 3-5. D.M.'s motion is directly analogous-it attempts to use an intervening Supreme Court decision to obtain a resentencing on an already final conviction. And as the Supreme Court concluded in *Ali*, he "has no legal right to the application of [the intervening decision] to his case." *Id*. at ¶ 7.
>
> {¶10} In short, we conclude that the trial court did not err in denying D.M.'s motion based on *State v. Harper*.

(Doc. 8, Ex. 57 at PageID 521-24).

Petitioner also raised Ground Two of the instant petition on further appeal to the Ohio Supreme Court. Petitioner argued that the Ohio Court of Appeals' decision applying *State v. Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, also "violated stare decisis." (*See* Doc. 8, Ex. 59 at PageID 545-46). As noted above, the Ohio Supreme Court declined jurisdiction over the appeal on April 12, 2022.

Petitioner is not entitled to federal habeas relief on his grounds for relief. As an initial matter, this Court has jurisdiction to review petitioner's claim only to the extent that petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court

10

to reexamine state-court determinations on state-law questions"). Because habeas review is limited to claims implicating federal concerns, this Court lacks jurisdiction to consider any claim that the state courts improperly applied Ohio law failing to properly notify petitioner of post-release control or denying him a resentencing hearing.[3] *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) (finding a challenge to state court's interpretation and application of its sentencing laws and guidelines to be a matter of state law not cognizable in a federal habeas corpus proceeding). *See also Jones v. Warden*, No. 1:12-cv-170, 2013 WL 1324406, at *1 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb. 2, 2013) (Report and Recommendation) (finding claim that the state trial court failed to conduct a *de novo* resentencing hearing properly informing the petition of post-release control raised issues of state law not cognizable on federal habeas corpus), *adopted*, 2013 WL 1315963 (S.D. Ohio Mar. 28, 2013); *Crosby v. Bradshaw*, No. 1:12-cv-762, 2012 WL 7990244, at *11 (N.D. Ohio Nov. 30, 2012) (Report and

---

[3] With regard to the merits of petitioner's claims, the Ohio Court of Appeals have rejected similar claims. *See State v. Matland*, No. 20 MA 0108, 2022 WL 14206274, at *1-3 (Ohio 7th Dist. Oct. 20, 2022) (rejecting claim that *Harper* was improperly applied retroactively), *Ohio v. Gaskins*, 199 N.E.3d 174 (Ohio 12th Dist. Oct. 17, 2022) (holding that *Harper* applies retroactively). *See also Patterson v. May,* No. 3:22-cv-1116, 2024 WL 2750475, at *8 n.7 (N.D. Ohio Mar. 21, 2024) (Report and Recommendation) (noting that the Ex Post Facto clause does not apply to judicial decision making and that the Ohio courts have ruled that *Harper* applies retroactively), *adopted* 2024 WL 2748476 (N.D. Ohio May 29, 2024).

In this federal habeas proceeding, the Court must defer to and is abound by the state court's rulings on state-law issues. *See, e.g., Bennett v. Warden, Lebanon Corr. Inst.*, 782 F. Supp.2d 466, 478 (S.D. Ohio 2011) (and cases cited therein) ("[B]ecause the state courts are final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters."); *Meyers v. Ohio*, No. 1:14cv1505, 2016 WL 922633, at *7 (N.D. Ohio Jan. 21, 2016) (Report & Recommendation) (*citing Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988)) ("federal habeas courts are bound by decisions of intermediate state courts on questions of state law unless convinced that the state's highest court would decide the issue differently"), adopted, 2016 WL 916602 (N.D. Ohio Mar. 9, 2016).

Recommendation) (finding that allegations of a violation of Ohio law in informing the petitioner of post-release control raised issues of state law not cognizable on habeas review), *adopted*, 2013 WL 1773820 (N.D. Ohio Apr. 25, 2013). *Cf. Bennett v. Turner,* No. 1:12cv489, 2013 WL 557013, at *3 (N.D. Ohio Jan. 23, 2013) (Report & Recommendation) (rejecting the habeas petitioner's attempt to cast his claim of sentencing error under Ohio law "in constitutional terms by stating his 'sentence was not given according to due process and equal protection'"), *adopted*, 2013 WL 518704 (N.D. Ohio Feb. 12, 2013).

Furthermore, to the extent that petitioner contends that the Ohio courts wrongly decided or committed error in his post-conviction proceedings his claims fail to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding. The Sixth Circuit has held that alleged errors in post-conviction and collateral proceedings are non-cognizable in federal habeas corpus. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).[4] Rather, a petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248 (citing *Preiser v. Rodriguez*, 411

---

[4] The Sixth Circuit explained in *Cress*:

> A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Though the *ultimate* goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[] . . . is not in any way related to the confinement." *Id*. at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id*. at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) ("error committed during state post-conviction proceedings can not [sic] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

484 F.3d at 853 (alterations in original).

U.S. 475, 500 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See id*. at 247-48. Because petitioner's grounds for relief assert errors in the state courts' denial of his post-conviction motion and appeals, and do not dispute the fact or duration of his confinement, he fails to raise a cognizable claim on federal habeas corpus review. *Cress*, 484 F.3d at 853; *Kirby*, 794 F.2d at 247-48. *Cf. Downtin v. Palmer*, No. 09-11387, 2009 WL 1393401, at *2 (E.D. Mich. May 18, 2009) ("Petitioner's . . . contention that the . . . courts wrongfully denied him post-conviction relief on his ex post facto claims is not cognizable.").

In any event, any cognizable claim raised by petitioner is time-barred. Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

13

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) or (C) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.

Under § 2244(d)(1)(A), petitioner's conviction became final on August 15, 2011, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 30, 2011 direct appeal decision. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012). However, petitioner contends that the Ohio courts violated his rights in ruling on his February 18, 2020 motion to correct partially void sentence and January 18, 2022 appeal.[5] Assuming that § 2244(d)(1)(D) applies to petitioner's grounds for relief, the limitations period began on January 18, 2022—the date on which the Ohio Court of Appeals affirmed the judgment of the trial court and allegedly violated petitioner's rights (*see* Doc. 8, Ex. 57)—and expired one year later on January 18, 2023, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however,

---

[5] *See* Doc. 11 at PageID 715, 275 (arguing that "a violation of the Constitutional due process protections against ex post facto laws have occurred in this case when the trial court applied *Harper* and *Henderson* retroactively" and the "appellate court has violated the doctrine of stare decisis when it retroactively applied a newly determined law and case authority"). *See also* Doc. 2 at PageID 21, 27.

14

'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

In this case, the limitations period remained tolled while petitioner appealed to the Ohio Supreme Court from the Court of Appeals' January 18, 2022 decision. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) (holding that statutory tolling continues "until the application has achieved final resolution through the State's post-conviction procedures"). On April 12, 2022, the Ohio Supreme Court declined jurisdiction (*see* Doc. 8, Ex. 61), and the limitations period ran 42 days until petitioner filed his May 24, 2022 motion to correct void judgment in the trial court.[6] (Doc. 8, Ex. 62). Petitioner appealed from the denial of this motion and the limitations period was again tolled until the Ohio Supreme Court declined jurisdiction on March 14, 2023. (Doc. 8, Ex. 74). The limitations period then ran the remaining 323 days and expired on January 31, 2024. Because petitioner did not file his federal habeas corpus petition until March 6, 2024, the petition is time-barred unless equitable tolling applies.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas

---

[6] The tolling period under § 2244(d)(2) does not include the ninety days in which petitioner could have sought certiorari review in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007).

15

petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

      Petitioner has not argued, much less demonstrated, that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 778 days—from January 18, 2022 to March 6, 2024—to file his habeas petition after he became aware of the factual predicate underlying his claims. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition should be denied because it raises non-cognizable grounds for relief and/or is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition (Doc. 2) be **DENIED** with prejudice**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge